IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOYCE ELAINE WILKINSON, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 17-167
)
)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she has been disabled since January 31, 2013. (ECF No. 6-6, p. 2). Administrative Law Judge ("ALJ"), Kathleen McDade, held a hearing on September 2, 2015. (ECF No. 6-3, pp. 2-36). On December 3, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-2, pp. 15-24).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Whether the ALJ's Opinion is Supported by Substantial Evidence

Plaintiff argues that the ALJ's residual functional capacity ("RFC")[2] is not supported by substantial evidence. (ECF No. 9, pp. 7-10). To that end, Plaintiff first argues that the ALJ erred in rejecting the opinion of Dr. Nesbitt, the consultative examiner. *Id.,* at pp. 7-9. The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be

---

[2] RFC refers to the most a claimant can still do in a work setting on a regular and continuing basis despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform light work with certain exceptions. (ECF No. 6-2, p. 20).

3

obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

4

Plaintiff specifically argues that the ALJ should have given Dr. Nesbitt's opinion significant weight because it was supported by the medical record and he was an examining physician. (ECF No. 9, pp. 8-9). To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Furthermore, as an examining consultant, Dr. Nebitt's opinion is not automatically entitled to greater weight over that of a non-examining consultant, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Consequently, I find this argument is without merit.

Plaintiff also argues that the ALJ failed to properly account for her moderate limitations in concentration, persistence, or pace in the RFC. (ECF No. 9, pp. 9-10). Here, the ALJ's RFC restricts Plaintiff to, *inter alia,* "simple, routine tasks, but with few, if any workplace changes (the same duties performed at the same location from day to day). (ECF No. 6-2, p. 20). Such restrictions have repeatedly been found sufficient to accommodate moderate limitations in concentration, persistence, and pace by the Third Circuit. *See, e.g., McDonald v. Astrue,* 293 F. App'x 941, 946-47 (3d Cir. 2008); *Menkes v. Astrue,* 262 F. App'x 410, 412 (3d Cir. 2008) ("The term 'simple routine tasks,' in the context of the disability proceedings, generally refers to the non-exertional or mental aspects of work. For example, performing a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration.... Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'"); *Watson v. Colvin,* No. 12-552, 2013 WL 5295708, *5 (W.D.Pa. Sept. 18, 2013)("restriction to simple, routine tasks accounted for the claimant's moderate limitations in concentration, persistence and pace"); *Polardino v. Colvin,* No. 12–806, 2013 WL 4498981, *3 (W.D.Pa. Aug. 19, 2013)

("The Third Circuit Court of Appeals has determined that a limitation to simple, routine tasks sufficiently accounts for a claimant's moderate limitations in concentration, persistence and pace."). Consequently, I find no error in this regard.

### C. Vocational Expert ("VE")

Plaintiff next submits that the ALJ erred by relying on an incomplete hypothetical question. (ECF No. 9, p. 11). An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 6-2, pp. 15-24; No. 6-3, pp. 23-35). Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOYCE ELAINE WILKINSON,     )
               )
   Plaintiff,         )
               )
 -vs-            )   Civil Action No. 17-167
               )
               )
NANCY A. BERRYHILL,[3]      )
COMMISSIONER OF SOCIAL SECURITY, )
               )
   Defendant.        )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 30th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

               BY THE COURT:

               s/ Donetta W. Ambrose
                 Donetta W. Ambrose
                 United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.